UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID LETTIERI, Plaintiff, | ) | |
| v. | ) | No. 25-cv-14025-PGL |
| DISCIPLINE HEARING OFFICER, et al., Defendants. | ) | |

**ORDER FOR REASSIGNMENT AND**
**REPORT AND RECOMMENDATION FOR DISMISSAL**

August 24, 2026

LEVENSON, U.S.M.J.

*Pro se* plaintiff David Lettieri ("Plaintiff"), who is confined at FMC Devens, brings this action against FMC Devens staff concerning a disciplinary proceeding against him. For the reasons set forth below, I order that this action be reassigned to a District Judge and recommend to the District Judge that this action be dismissed without prejudice for failure to pay the filing fee.

## I. Background

In the complaint, Plaintiff alleges that FMC Devens staff conducted "an unlawful search and seizure that had happen[ed] because of a false ticket that had placed the plaintiff in special housing unit for fifty-eight days in which no dis[ci]pline seg[r]egation was issued." Doc. No. 1 at 2. Among other things, Lettieri states that "the disciplinary hearing officer had threaten[ed] to punch the plaintiff [at the hearing] for the ticket." *Id.* at 3. With his complaint, Lettieri filed an

Application to Proceed in District Court Without Prepaying Fees or Costs (as referred to as a motion for leave to proceed *in forma pauperis*). Doc. No. 2.

On February 2, 2026, I issued an order denying without prejudice the motion for leave to proceed *in forma pauperis* based on a provision of the Prison Litigation Reform Act concerning the filing fee in non-habeas cases filed by prisoners. Doc. No. 4. I explained that, under 28 U.S.C. § 1915(g), a prisoner who has, on three or more prior occasions, has filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted, cannot proceed *in forma pauperis* unless he sufficiently alleges that he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. 28 U.S.C. § 1915(g). I found that Lettieri had, while a prisoner, filed three or more actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted. Doc. No. 4 at 2-3 (listing cases). I also found that Lettieri was not "under imminent danger of serious physical injury" vis-à-vis his claims in the complaint.

On that basis I denied without prejudice the motion for leave to proceed *in forma pauperis.* I stated that, if Lettieri wished to proceed with the action, he was required pay the $405 filing fee show good cause why he should not be required to do so. I stated that failure to do so within twenty-eight days could result in dismissal of this action by a District Judge. I later extended the deadline until May 25, 2026 because it was unclear from the docket whether the February 2, 2026 order had been mailed to Plaintiff. Doc. No. 5.

The extended deadline for responding to the February 2, 2026 order has elapsed without any response from Plaintiff, and the case appears ripe for dismissal.

Because the parties have not consented to the final assignment of this action to a Magistrate Judge, I will order that this action be reassigned to a District Judge

## II. Conclusion

I order that this action be REASSIGNED to a District Judge and I RECOMMEND to the District Judge that this action be dismissed without prejudice for failure to pay the filing fee.[1]

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: August 24, 2026

[1] The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).